## N. Y. COMMON PLEAS.

CHARLES DEVLIN, respondent, agt. The MAYOR, &c., of the city of New York, appellant.

*Reference — Effect of death of referee — Power of court to increase number of referees.*

Where a cause is referred by consent of parties, and the referee dies, it puts an end to the reference, because the extent of the consent is that the cause may be tried and decided by the particular person whom they have agreed upon as a referee.

But where the cause is referable in its nature, and has been referred by the court, upon motion, the only effect that the death of the referee before the termination of the reference has is, that nothing has been

accomplished, and that a new referee must be appointed, before whom the trial of the cause has to be begun again.

After the trial has commenced before the substituted referee, the court has power, on motion, to increase the number of referees to three.

*General Term, November,* 1880.

*T. C. Cronin,* for respondent.

*Wm. O. Bartell,* for appellant.

DALY, *Ch. J.*—Where a cause is referred by consent of parties and the referee dies it puts an end to the reference, because the extent of the consent is that the cause may be tried and decided by the particular person whom they have agreed upon as a referee. But where the cause is referable in its nature and has been referred by the court, upon motion, the only effect that the death of the referee before the termination of the reference has, is that nothing has been accomplished and that a new referee must be appointed before whom the trial of the cause has to be begun again.

A motion was made in this cause that it be referred. The motion was resisted by the defendants upon the ground that it was not a referable case, but involved questions that ought to be tried by a jury.

The judge at special term held otherwise and appointed a referee. The defendants appealed to the general term where the order was affirmed upon the ground that the action was referable, and we are informed that the court of appeals have recently affirmed the decision of the general term, so that it is settled beyond any further question that the cause is referable and that the plaintiff is entitled to have it referred as a matter of right.

The fact of the death of the referee can in no way affect this decision, which is the law of this case as settled by the court of final resort. The case has to be tried and the plaintiff is entitled to have it tried by a referee involving as it

does a great number of items, the evidence on the former trial relating to which filled several printed volumes.

To require, because the referee is dead, that a motion for a reference must again be made would be to require an idle ceremony, as the same decision would have to be made again that was made before.

The proper course, therefore, was the one pursued — to apply to the court for the appointment of a new referee — and the order made by the judge at 'the special term was a proper one, and should be affirmed.

This asked that if we should come to this conclusion we should direct that the number of referees should be increased to three. But the defendants are here in error. If they wanted three referees they should have made the application to the judge at the special term that they do now upon this appeal, and for all that we know the judge might have granted this request.

In my opinion, from what I know of this case, in view of the questions that have to be passed upon and the large amount involved, the application, on the part of the city, that it should be tried by three referees instead of one, is a reasonable application. But that is a matter upon which the plaintiff has a right to be heard. It should have been applied for on the motion below, and, if it is to be allowed now, it can only be by motion, upon which the plaintiff may have an opportunity to be heard. It is in the power of the court to grant it, notwithstanding the order already made upon facts brought before the court showing its necessity or propriety, and of which the plaintiff have notice by a regular motion upon which he has the opportunity, if he wishes, to read affidavits in opposition. It is not a matter to be granted by an appellate court. All that we can do is to affirm or reverse, in whole or in part, an order appealed from.

The order below should be affirmed.