MARY DEVLIN, Administratrix, &c. of CHARLES DEVLIN, Deceased, Appellant, *against* THE MAYOR, ALDERMEN AND COMMONALTY. OF THE CITY OF NEW YORK, Respondent, and SAMUEL DONALDSON *et al.*, Appellants.

(Decided March 15th, 1883.)

A motion for the appointment of three referees instead of one for the trial of the issues in an action should not be granted where it is made after the original order of reference to one referee has been affirmed upon appeal by the General Term and by the Court of Appeals, and it appears that similar applications, made when the order of reference was granted, and on subsequent motions for the appointment of a referee or referees in place of a referee failing to serve or having deceased, were refused on each occasion; and where no additional or controlling facts are shown, but the circumstances of the case remain precisely the same.

APPEAL from an order of this court appointing three referees instead of one upon a reference of the issues in an action.

Previous proceedings in the action are stated 9 Daly 331, 334. The order there mentioned appointing Abram Wakeman, Esq., referee, in the place and stead of William Bloomfield, deceased, having been affirmed (9 Daly 336), a motion was made by the defendant The Mayor, &c., at Special Term, to increase the number of referees to three; pending which the plaintiff deceased, and the action was continued by the present plaintiff as administratrix. The motion was

granted, and an order entered appointing two additional referees, from which order the plaintiff and the defendants other than The Mayor, &c., appealed. Upon the appeal the General Term reversed the order, on the ground that the Special Term had no power to make it. From this decision the defendant The Mayor, &c., appealed to the Court of Appeals, which reversed the decision, and ordered the matter remitted to the General Term to pass upon the merits (90 N. Y. 689). Other facts are stated in the following opinions.

*Timothy C. Cronin*, for appellants.

*Willard Bartlett*, for respondent.

VAN BRUNT, J.—The appeal from the order of April 17th, 1882, appointing two additional referees, now comes before this court to be determined upon the merits, and the question involved in this appeal is whether or not the Special Term, in granting the motion for additional referees, improperly exercised its discretion.

The motion is entirely founded upon an expression of opinion contained in an opinion of the learned Chief Justice, handed down upon the decision of an appeal from the order appointing a referee in place of a deceased referee.

The papers in this case show that upon the application for the first order of reference in this case, after the reversal by the Court of Appeals, it was urged upon the part of the city that three referees should be appointed, and that the court granted the reference, appointing one referee, which order was affirmed by the General Term of this court and by the Court of Appeals. It further appears that, when an application was made to the learned Chief Justice to appoint a referee in the place of Judge Leonard, the same application to appoint three referees was made to him, and as the result of such application, one referee, Mr. Bloomfield, was appointed in the place and stead of Judge Leonard. Subsequently, Mr. Bloomfield having

died, a motion was made to appoint a referee in his place, and Mr. Wakeman was thereupon appointed, from whose appointment an appeal was taken to the General Term, and upon the affirmance of the order, the language above referred to was used by the learned Chief Justice in his opinion.

The case having been noticed for trial before Mr. Wakeman, and having been opened before him, this application was made upon the part of the city, founded upon the above expression of opinion, to increase the number of referees, which was granted, and from that order this appeal is taken.

Under the circumstances above set forth, it seems to me that the appointment of the additional referees was an improper exercise of power upon the part of the Special Term.

The question as to the appointment of additional referees had been up before various judges of the Special Term, and in every case an order was made to a single referee.

No suggestion was made to any General Term that there was error in this action of the Special Term, until it was suggested at the General Term upon the appeal from the order appointing Mr. Wakeman.

The case had gone too far to justify the Special Term in interfering with the order of reference, or in interfering with the reference of the case to a single referee, unless some new additional and controlling facts were disclosed upon the moving papers.

Every circumstance of the case was precisely the same as it existed when the refusal upon previous occasions to refer to three referees had occurred, and it is not claimed that any change in the condition of affairs had taken place.

Where an order of reference is made, where it is appealed from and affirmed by the General Term (and if it was error upon the part of the Special Term to have refused the application under the circumstances of the case to appoint three referees, it was competent for the General Term to reverse the order upon that ground), and is also affirmed in

the Court of Appeals, it should require some cogent reason, of which this case is entirely barren, for interfering with or changing the order.

I am of the opinion, therefore, that it was too late for the Special Term, in its discretion, to interfere with this order of reference, after the same had been affirmed by the General Term and Court of Appeals, unless some new facts were shown upon the record requiring such interference.

The order appealed from should be reversed, with costs.

BEACH, J.—I concur.

CHARLES P. DALY, Chief Justice.—In the opinion delivered upon the affirmance of the order appointing Mr. Wakeman sole referee in place of Mr. Bloomfield, the deceased referee (*Devlin* v. *The Mayor, &c. of New York*, 9 Daly 336), I thought, for the reasons there given, that the application on the part of the city, that the cause should be tried by three referees, was a reasonable one; but we declined to do so upon the appeal from that order, as it was a matter upon which the counsel for the plaintiff was entitled to be heard. My attention, however, is now called to the facts stated in Mr. Cronin's affidavit, that upon three previous motions the counsel for the city asked for the appointment of three referees, which was opposed by the counsel for the plaintiff, and was denied, one of which was before me; the court in each case appointing severally Mr. Stevens, Judge Leonard, and Mr. Bloomfield.

I agree with Judge VAN BRUNT, that after this question has been considered upon three motions, and decided adversely to the defendants, it would require some additional and controlling facts for the court now to order what has three times been refused, and as, in his language, every circumstance in the case is precisely the same as it existed when the previous applications were refused, I agree with my brethren that the order should be reversed.

Order reversed, with costs.